### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                                                   **CASE NO. 22-3236-JWL-JPO**

**JAY ARMBRISTER, et al.,**

    **Defendants.**

### O R D E R

Plaintiff, Christopher Coty Maier, is in custody at the Douglas County Jail in Lawrence, Kansas. Plaintiff filed this § 1983 action alleging that the defendants violated his rights outlined in the contract clause of the U.S. Constitution and conspired against the enforcement of law.

The Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until November 4, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

However, Plaintiff has filed ten motions, three notices, and five affidavits (Docs. 4 - 21.) Document 4 is titled a "Motion for Appointment of Private Attorney General of Good Faith Efforts to Obtain Consel [sic]." Plaintiff asks the Court to appoint Peter Hugh White as "private attorney general" and states that Mr. White has agreed to accept a "bill of exchange," allegedly held by this Court, as payment for his services. Plaintiff invokes the Sixth Amendment right to counsel.

The Court denies Plaintiff's motion.  There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that Plaintiff has not asserted a colorable claim and that the case is subject to dismissal under 28 U.S.C. § 1915(g).  Therefore, the Court denies Plaintiff's motion for appointment of counsel.

Document 7 is docketed as a "Motion for Writ of Exterminatus."  The document is virtually incomprehensible, but at one point Plaintiff "commands" the Court to execute against a series of "estate owners, asset holders, account holders, and vessels," as well as "ecclestical [sic] property."  (Doc. 7, at 2.)  The motion is denied.

The other motions request a writ fieri facias (Doc. 12), a writ quod per mittat (Doc. 13), a writ de allocation facienoa (Doc. 14), a writ of jure imperii (Doc. 15), a writ of disarray and disorder (Doc. 16), a writ ex umbra (Doc. 17), a writ of mutiny (Doc. 18), and the issuance of

subpoenas duces tecum to a series of entities (Doc. 19). These motions are similarly incomprehensible and nonsensical and are also denied.

In addition, the Court has reviewed Plaintiff's remaining six filings (Docs. 5, 6, 8, 9, 10, 11, 20, and 21). None contain credible allegations that Plaintiff is in imminent danger of serious physical injury.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. Plaintiff has not made the "specific, credible allegations of imminent danger of serious physical harm" required to meet the exception. *Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011). As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that all pending motions (Docs. 4, 7, 12, 13, 14, 15, 16, 17, 18, and 19) are **denied**.

**IT IS SO ORDERED**.

**Dated November 8, 2022, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
